IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TRACY STANDIFER,               )
                               )
              Plaintiff,       )
                               )
vs.                            )
                               )
J.B. HUNT TRANSPORT, INC.)         Case No.
                               )
              Defendant.  )

**COMPLAINT**

COMES NOW the plaintiff Tracy Standifer and for his Complaint and claim against the defendant J.B. Hunt Transport, Inc. and its management states and alleges as follows:

**JURISDICTION AND VENUE**

1.   Jurisdiction over the subject matter of this lawsuit is proper pursuant to 28 U.S.C. Sec. 1331, 28 U.S.C. Sec. 1391, 28 U.S.C. Sec. 1343, 42 U.S.C. Sec. 2000e, et.seq., 42 U.S.C. Sec. 1981 and the Civil Rights Act of 1981, 42 U.S.C. Sec. 1981a, 29 U.S.C Sec. 216, Sec. 621, and 42 U.S.C. Sec. 126 and 12101, et. seq.. Diversity of citizenship is present.

2.   Plaintiff's claims and causes of action in this suit in equity and in law arise under the Constitution and laws of the United

1

States, 42 U.S.C. Sec. 1988; 42 U.S.C. Sec. 2000e, et.seq., 42 U.S.C.
Sec. 1981 and the Civil Rights Act of 1981, 42 U.S.C. Sec.1981a, 42
U.S.C. Sec. 1988, the Age Discrimination in Employment Act, 29 U.S.C.
Sec. 216 and 29 U.S.C. Sec. 621, et.seq., and the American With
Disabilities Act, 42 U.S.C. Sec. 126, Sec. 12101, et. seq. and 42
U.S.C. Sec. 1981, et. seq.

3.    This cause of action arose in Elwood/Wathena, Doniphan
County, Kansas. Venue is proper in the United States District Court
for the District of Kansas pursuant to 28 U.S.C. Sec. 1391.


**PARTIES**

4.    The plaintiff Tracy Standifer is an African American male,
age 69 with a disability. He is a citizen and resident of Elwood,
Doniphan County, Kansas. (Sometimes referred to as Wathena, Kansas
due to the post office address).

5.    The defendant J.B. Hunt Transport, Inc. (hereinafter "J.B.
Hunt") was and is at all relevant time periods herein, the employer
for the plaintiff. It is a foreign for-profit corporation engaged
in interstate commerce and doing business in the state of Kansas.
Its registered agent for service of process is the Corporation
Service Company, 2900 SW Wanamaker Drive, Suite 204, Topeka, Kansas.
As such it was and is subject to all applicable state and federal
laws relating to discrimination and harassment based on race,

national origin, age and disability.

6.   At all relevant time periods herein, Erika Gutierrez was the recruiter for the defendant. Chari Tumlin was Director of Training and Craig Henike was a training instructor. Krista Casamayor Micheal Nesbitt and Faith Randles were corporate representatives involved in plaintiff's non-retention and termination of employment and return home. At all time periods the defendant had a Human Resources Department. At all time periods involved the Defendant had a Human Resources and Corporate Office.  As such, they among others, were supervisor or management employees over the plaintiff and his employment.

7.   Each of the individuals identified in Paragraph 6 were the officers, agents, servants and employees of the defendant and their acts, errors and omissions, as well as those of other supervisory and management personnel over the plaintiff and his employment, were taken within the scope of their office, agency, service and employment and were the acts, errors and omissions of the defendant.

8.   Each of the individuals, among others, identified in Paragraph 6 were acting in a supervisory, managerial and superordinate capacity over the plaintiff and his employment with the defendant.  As such, each of the acts, errors and omissions of them and all other employees of defendant involved in the hiring, his employment, terms and conditions of employment, harassment, and

3

non-retention actions in regard to the plaintiff, his employment, the terms and conditions of his employment and failure to retain in employment, were directed or ratified by the defendant and are deemed to have been taken with the actual or constructive knowledge and consent of the defendant and are deemed to have been the acts, errors and omissions of the defendant.

## ALLEGATIONS OF FACT COMMON TO ALL COUNTS

9.   In April 2021 and prior thereto, the plaintiff Tracy Standifer was registered with various truck driving job placement services.

10.   In April 2021 the plaintiff was affirmatively contacted at his home in Elwood, Kansas by the defendant J.B. Hunt as a result of his postings and asked him to apply for a truck driving job. He was contacted by Erika Gutierrez, J.B. Hunt recruiter.

11. At the time of his recruitment plaintiff had a history of retina surgery two years prior, a stroke 11 years prior and medical conditions with high blood pressure and diabetes. Erika Gutierrez and J.B. Hunt were informed of all these conditions and certain medical limitations/disability accommodations that would be required. (The primary one that he walked with a cane). One of the conditions for being hired was that he had a current DOT Medical Certificate. At the time of contact and hiring plaintiff had such

certificate which considered all these conditions dated March 23, 2021 which was valid until March 23, 2022. It was agreed that he would be applying and be hired for the position of handicapped driver. All these discussions and provision of information were made from his home in Elwood, Kansas.

12.    At the time J.B. Hunt contacted him in Elwood, Kansas after providing the above referenced medical information the plaintiff was advised by Erika Gutierrez that the only hold up to his hiring was the need to provide verification for his employment from BMS, a prior employer. The plaintiff personally went to BMS and obtained the records and sent them to J.B. Hunt. Thereafter the plaintiff was contacted at his home in Elwood, Kansas by Erika Gutierrez and advised he was hired and contacted him to schedule his training. Plaintiff was to watch various training videos, etc. at his home in Elwood, Kansas which he did. He was then given the choice of going to either Texas or Arkansas for his final training to place him on the road, which included training on the truck he was to receive and drive back to his home in Elwood, Kansas from which he would then go out on the road.

13. The plaintiff chose Arkansas for his training as it was closer. He was advised he would be paid to go by bus with an Uber service from Elwood, Kansas to the bus terminal in St. Joseph, Missouri, that he would be in a training class of 25 plus new

employees, provided with a hotel room and breakfast for the days of training after which he would be assigned to a truck which he would drive home.

14.   Prior to traveling to Arkansas for his final training the plaintiff had provided J.B. Hunt with his DOT Medical Certificate and two DOT drug and alcohol tests one from April 9, 2021 and another on April 28, 2021 when he was contacted by Chari Tumlin, J.B. Hunt Director of Training, and told she wanted a current drug and alcohol screening and she was making arrangements for him to go that day. Both tests were performed at Concentra, St. Joseph, Missouri and provided to defendant J.B. Hunt.

15. The plaintiff was scheduled for training on May 5, 2021 in Arkansas and sent there by bus from St. Joseph, Missouri. He was to be provided with meals, lodging, training and return transportation home with a truck. He traveled there as agreed.

16. On May 5, 2021, the first day of orientation and training, Chari Tumlin, Director of Training, said "I have doubts about you being able to perform your duties." Plaintiff advised her he had been hired as a handicapped driver and explained to her in detail how he met all the qualifications for the job and could perform all of the essential functions of the job and that he had a valid DOT Medical Certificate. Instead of training him to operate the quall-com and assigning him a truck which was to be part of the training, Chari

6

Tomlin demanded he be sent for another physical.

17.   On May 5, 2021 when plaintiff arrived for his orientation and training, he was a class of one, not the 25 plus supposed to be there. He was not provided with any promised meals.

18. On May 5, 2021 instead of receiving the required instruction the plaintiff was sent to Arkansas Occupational Health Clinic for another DOT physical. The doctor told the plaintiff he had passed the physical and that he was "within DOT guidelines" but he wanted to ask his doctors a few questions about his diabetes and high blood pressure. The plaintiff signed all requested documents and authorizations allowing the doctor's office permission to obtain information and contact information. The plaintiff was never advised he, on his own, needed to do anything else or obtain anything else.

19. On May 5, 2021, the plaintiff was transported to the medical exam being arbitrarily required by Chari Tumlin, J.B. Hunt Director of Training, by Craig Henike, J.B. Hunt instructor. In the van on the way to the Arkansas Occupational Health Clinic he told the plaintiff that "she (meaning Chari Tumlin) didn't think that "n****rs" should make that much money."

20. After plaintiff submitted to the physical and was transported back to the training facility, he called the corporate office to inquire about what was going on. He was asked "why she sent him for a physical since he already had a current DOT Medical

7

Certificate" and was asked who else knew what was going on. The plaintiff gave his phone to Craig Henike, instructor, who left the room talking on the phone. When he returned Henike started a video for the plaintiff to watch. After it was running only a short time, Chari Tumlin, J.B. Hunt Director of Training, came back into the room and said, "everything that you call yourself doing, it didn't matter, I am the queen and that is all water under the bridge. I am making the decisions." The plaintiff without further explanation was taken directly back to the hotel.

21. On May 6, 2021 when the plaintiff arrived at the training facility, Chari Tumlin, J.B. Hunt Director of Training, asked the plaintiff where the papers from his doctor were, claiming she had not received them yet and left the room. Plaintiff asked the instructor Craig Henike when he was going to be assigned a tractor and trailer. Henike gave him a booklet to read and left the room. When he returned, Henike simply told the plaintiff, "we are sending you home." He advised plaintiff he would be picked up by an Uber in the morning to take him to the bus station to take a bus to Kansas City.

22.  On his way to the hotel after being removed from the training facility the plaintiff called the police while in the van with Craig Henike with concern that J.B. Hunt was going to make him homeless in Arkansas as he had been told so many untruths. The

plaintiff doesn't live in Kansas City he lives in Elwood, Kansas. The plaintiff contacted corporate and Krista Casamoyor, Michael Nesbitt and Faith Randles made special arrangements to get him home.

23. At no time did the plaintiff abandon the orientation process or quit his job. At no time did he become upset and leave. At no time did the plaintiff refuse to provide any authorizations or requested information or refuse to submit to any additional medical testing or review. His medical doctors that were sent requests for information provided the same on May 5, 2021. The defendant J.B. Hunt never requested his neurology or cardiology records.

24. Subsequent to being sent home by J.B. Hunt the plaintiff received an email from Erika Gutierrez, J.B. Hiring Recruiter, attaching a Certificate of Equivalent of Road Test and a Certificate of Qualification, dated May 5, 2021, issued by J.B. Hunt certifying he had completed the training requirements for entry level driver training and had a valid Commercial Driver's License which qualified him in lieu of a Road Test.

25. That plaintiff was actually hired and employed and considered an employee is further confirmed by the fact that after May 6, 2021 he was sent a paycheck for the time he spent in Elwood, Kansas reviewing various training videos and his time in attending the Arkansas training.

26. Despite the above, the plaintiff was never re-contacted by

J.B. Hunt, was not asked to provide any additional medical information, his doctors were not contacted for any additional information and he was never given the job for which he was hired or told he was still eligible for employment.

27.  At all relevant time periods herein, the defendant J.B. Hunt employed in excess of fifteen employees.

28.  Throughout the time periods alleged herein, prior thereto, and continuing, a hostile work environment and discrimination existed in the defendant's hiring process and post hiring and employment due to race, age and disability/perceived disability.

29.  Throughout the time periods alleged herein, defendant J.B. Hunt and its management and personnel discriminated against and harassed, or allowed the same to occur, against the plaintiff, Tracy Standifer, on the basis of his race, age and disability or perceived disability in the method and manner set forth in the paragraphs above, incorporated herein by reference.

30.  Non-African American, younger and non-disabled or perceived disabled hires and employees were not similarly treated and are not so treated.

31.  The reasons given by the defendant J.B. Hunt and its management personnel for the actions taken against the plaintiff or the reasons for its lack of action and other actions and conduct toward the plaintiff in his employment were not legitimate. They were

pretextual and taken against plaintiff because of his race, age, disability or perceived disability and as part of a pattern and practice of discrimination and harassment in hiring and in the workplace against employees based on their race, age and disability or perceived disability.

32.   The plaintiff was issued a Right to Sue by the Equal Employment Opportunity Commission on November 22, 2021 which was received by the plaintiff after that date. The respective charge number is EEOC Charge No. 493-2021-01225.

33.   The plaintiff was and is being subjected to ongoing and daily discrimination because of the defendant J.B. Hunt's hiring but refusal to place or retain the plaintiff in the position for which he was hired causing him great mental and emotional distress as set forth above and incorporated herein by reference.

34.   The actions of the defendant J.B. Hunt and its agents, servants and employees, including those identified in Paragraph 6 above, with reference to the plaintiff; the terms and conditions of his employment; his hiring and in the actions it took and is taking with respect to the discharge or failure to place the plaintiff in employment after hiring were wrongful, harassing and discriminatory and were the direct and proximate cause of the injuries and damages suffered by the plaintiff.

35.   The actions of the defendant, and its representatives as

outlined above, were and are taken in bad faith, with reckless and callous disregard for the rights of the plaintiff and were grossly and wantonly negligent and exhibited intentional and deliberate indifference to the foreseeable damage and injury sure to be caused and suffered by the plaintiff.

**COUNT I-**
**RACE AND NATIONAL ORIGIN DISCRIMINATION AND HARRASSMENT**
**IN EMPLOYMENT**

36. The plaintiff incorporates herein by reference Paragraphs 1 through 35 set forth above and additionally states:

37. The jurisdiction of this Court in this Count is invoked to secure protection of and to redress the deprivation of rights secured by the provisions of Title VII of the Civil Rights Act, 42 U.S.C. Sec. 2000e, et. seq., the Civil Rights Act of 1991, 42 U.S.C. Sec. 1981a and 42 U.S.C. Sec. 1981, all of which provide for affirmative relief against race discrimination and harassment in hiring and in employment.

38. All conditions precedent to jurisdiction under the statute have occurred or been complied with concerning plaintiff's charge of discrimination, as outlined above and incorporated herein by reference.

39. The defendant and its management individuals identified above, and each of them, and the individuals who were or would have

been plaintiff's supervisors, super ordinates or managerial employees, including those in paragraph 6 above, are employers within the meaning of the federal and state acts, and said defendant at all relevant time periods herein discriminated and harassed against the plaintiff in the matter of his hiring, his employment, in the terms and conditions of his employment, his non-retention of employment or reinstatement on the basis of his race.

40.  At all relevant time periods herein the plaintiff was in a protected group within the meaning of the federal and state acts.

41.  The plaintiff was discriminated against and harassed and subjected to the actions and conduct outlined above, although there were other similarly situated non-African American employees who were not so treated because the defendant and management and supervisory personnel followed or allowed to be followed a policy and practice of discrimination and harassment in hiring and in employment on the basis of race.

42.  The plaintiff as a consequence of this conduct of the defendant has suffered past and future economic loss, related employment benefits and promotion possibilities, and other general and actual damages, including mental and emotional distress, loss of reputation, anxiety and related damages.

43.  The conduct of the defendant with respect to the plaintiff and his hiring and employment, were so intentional, recklessly

indifferent, willful, wanton, malicious and in bad faith so as to entitle plaintiff to make claim for and ask a jury to consider the award of punitive damages under federal statute.

44.   WHEREFORE, the plaintiff Tracy Standifer in Count I and in his overall Complaint asks this Court to enter judgment against the defendant J.B Hunt Transport, Inc. for the following:

a.   A permanent injunction enjoining defendant and its officers, agents, employees, successors and assigns and all persons in active concert or participating with it, from engaging in any employment practice or conduct of a discriminatory or harassing nature against African American employees or those with such perceived status or for retaliatory conduct for opposing, reporting, assisting or complaining of such discrimination or harassment;

b.   Front pay;

e.   Compensatory damages in the amount of $300,000.00 or such amount as may be found allowable under law, including retroactive increases in pay, hours, etc. applicable;

f.   Punitive damages in the amount of $300,000.00 or such amount as may be found allowable under the law;

g.   Prejudgment interest;

h.   Award of reasonable attorney's fees and costs;

14

I.   The costs of this action; and

j.   Any and all other affirmative relief or damages against this defendant as may be appropriate and to which plaintiff may be entitled at law or in equity.

### COUNT II-
### AGE DISCRIMINATION AND HARASSMENT
### IN EMPLOYMENT

45.   The plaintiff incorporates herein by reference Paragraphs 1 through 44 set forth above and additionally states:

46.   The jurisdiction of this Court in this Count is invoked to secure protection of and to redress the deprivation of rights secured by the provisions of the Age Discrimination in Employment statutes, 29 U.S.C. Sec. 216 and U.S.C. Sec. 621, all of which provide for affirmative relief against age discrimination and harassment in hiring or employment.

47.   All conditions precedent to jurisdiction under the statute have occurred or been complied with concerning plaintiff's charge of discrimination and harassment, as outlined above and incorporated herein by reference.

48.   The defendant and its management individuals identified above, and each of them, and the individuals who were or would have been plaintiff's supervisors, super ordinates or managerial employees, including those in paragraph 6 above, are employers within

the meaning of the federal and state acts, and said defendant at all relevant time periods herein discriminated and harassed against the plaintiff in the matter of his hiring, his employment, in the terms and conditions of his employment, his non-retention and in the failure to continue or re-offer his employment on the basis of his age.

49.   At all relevant time periods herein the plaintiff was in a protected group within the meaning of the federal acts.

50.   The plaintiff was discriminated against and harassed against and subjected to the actions and conduct outlined above, although there were other similarly situated younger employees who were not so treated because the defendant and management and supervisory personnel followed or allowed to be followed a policy and practice of discrimination and harassment in hiring and employment on the basis of age.

51.   The plaintiff as a consequence of this conduct of the defendant has suffered past and future economic loss, related employment benefits and promotion possibilities, and other general and actual damages, including mental and emotional distress, loss of reputation, anxiety and related damages.

52.   The conduct of the defendant with respect to the plaintiff and his hiring and employment, were so intentional, recklessly indifferent, willful, wanton, malicious and in bad faith so as to

16

entitle plaintiff to make claim for and ask a jury to consider the award of liquidated damages as such may be allowed by statute.

53. WHEREFORE, the plaintiff Tracy Standifer in Count II and in his overall Complaint asks this Court to enter judgment against the defendant J.B. Hunt Transport, Inc. for the following:

a. A permanent injunction enjoining defendant and its officers, agents, employees, successors and assigns and all persons in active concert or participating with it, from engaging in any employment practice or conduct of a discriminatory or harassing nature against older employees or those with such perceived status or for retaliatory conduct for opposing, reporting, assisting or complaining of such discrimination or harassment;

b. Front pay;

e. Compensatory damages in the amount of $300,000.00 or such amount as may be found allowable under law, including lost wages, retroactive increases in pay, hours, etc. applicable;

f. Liquidated damages in the amount of $300,000.00 or such amount as may be found allowable under law;

g. Prejudgment interest;

h. Award of reasonable attorney's fees and costs;

I. The costs of this action; and

j.   Any and all other affirmative relief or damages against this defendant as may be appropriate and to which plaintiff may be entitled at law or in equity.

### COUNT III-
### DISABILITY DISCRIMINATION AND HARRASSMENT
### IN EMPLOYMENT

54.   The plaintiff incorporates herein by reference Paragraphs 1 through 53 set forth above and additionally states:

55.   The jurisdiction of this Court in this Count is invoked to secure protection of and to redress the deprivation of rights secured by the provisions of The American With Disabilities Act, as amended, 42 U.S.C. Sec. 126 and Sec. 12101, et. seq.; the Civil Rights Act of 1991, 42 U.S.C. Sec. 1981a, all of which provide for affirmative relief against disability discrimination and harassment in hiring and in employment.

56.   All conditions precedent to jurisdiction under the statute have occurred or been complied with concerning plaintiff's charge of discrimination, as outlined above and incorporated herein by reference.

57.   The defendant and its management individuals identified above, and each of them, and the individuals who were or would have been plaintiff's supervisors, super ordinates or managerial employees, including those in paragraph 6 above, are employers within

18

the meaning of the federal and state acts, and said defendant at all relevant time periods herein discriminated and harassed against the plaintiff in the matter of his hiring, his employment, in the terms and conditions of his employment, his non-retention in employment or rehire on the basis of his disability or perceived disability.

58.  At all relevant time periods herein the plaintiff was in a protected group within the meaning of the federal and state acts.

59.  The plaintiff was discriminated against and harassed and subjected to the actions and conduct outlined above, although there were other similarly situated non-disabled or perceived disabled employees who were not so treated because the defendant and management and supervisory personnel followed or allowed to be followed a policy and practice of discrimination and harassment in hiring and in employment on the basis of disability or perceived disability.

60.  The plaintiff as a consequence of this conduct of the defendant has suffered past and future economic loss, related employment benefits and promotion possibilities, and other general and actual damages, including mental and emotional distress, loss of reputation, anxiety and related damages.

61.  The conduct of the defendant with respect to the plaintiff and his hiring and employment, were so intentional, recklessly indifferent, willful, wanton, malicious and in bad faith so as to

entitle plaintiff to make claim for and ask a jury to consider the award of punitive damages under federal statute.

62.   WHEREFORE, the plaintiff Tracy Standifer in Count III and in his overall Complaint asks this Court to enter judgment against the defendant J.B Hunt Transport, Inc. for the following:

> a.   A permanent injunction enjoining defendant and its officers, agents, employees, successors and assigns and all persons in active concert or participating with it, from engaging in any employment practice or conduct of a discriminatory or harassing nature against disabled or perceived disabled hires or employees or those with such perceived status or for retaliatory conduct for opposing, reporting, assisting or complaining of such discrimination or harassment;
>
> b.   Front pay;
>
> e.   Compensatory damages in the amount of $300,000.00 or such amount as may be found allowable under law, including retroactive increases in pay, hours, etc. applicable;
>
> f.   Punitive damages in the amount of $300,000.00 or such amount as may be found allowable under the law;
>
> g.   Prejudgment interest;
>
> h.   Award of reasonable attorney's fees and costs;
>
> I.   The costs of this action; and

j.   Any and all other affirmative relief or damages against this defendant as may be appropriate and to which plaintiff may be entitled at law or in equity.

Respectfully Submitted,

s/Ruth M. Benien

Ruth M. Benien  #KS-11252
Benien Law Offices, Chtd.
The Ambassador Building
827 Minnesota Ave., Ste. 301
Kansas City, Kansas 66101
(913) 621-7100
(913) 321-0199 (Fax)
rbenienlaw@yahoo.com

ATTORNEY FOR PLAINTIFF

## DEMAND FOR JURY TRIAL

COMES NOW the plaintiff Tracy Standifer and demands a jury trial upon all the claims and issues raised in his Complaint.

s/Ruth M. Benien

Ruth M. Benien

## DESIGNATION OF PLACE OF TRIAL

COMES NOW the plaintiff Tracy Standifer and designates Kansas City, Kansas as the place for trial.

s/Ruth M. Benien

Ruth M. Benien